IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ROY BERNARD FLOWERS                                                                            PLAINTIFF

v.                                          NO. 3:17CV00305 JLH

JONESBORO POLICE DEPARTMENT, *et al*.                                        DEFENDANTS

# ORDER

Plaintiff Roy Bernard Flowers, currently in custody at the Craighead County Detention Center, filed a motion to proceed *in forma pauperis* (IFP) and a *pro se* complaint pursuant to 42 U.S.C. § 1983. Documents #1, #3.

## I. *In Forma Pauperis* Application

The provided financial information on Flowers's IFP demonstrates that Flowers does not have sufficient funds to pay the filing fee. Thus, his IFP motion is GRANTED. Document #3. Even though Flowers may proceed IFP, the law requires him to pay a $350 filing fee. 28 U.S.C. § 1915(b)(1). The only question is the amount of the monthly payments Flowers must make from his prison trust account to satisfy the filing fee. The Court assesses an initial partial filing fee of $4.50.

Flowers's custodian is directed to collect monthly payments equal to 20% of the preceding month's income in his institutional account each time the amount in that account is greater than $10. Flowers's custodian must send those payments to the Clerk of the Court until a total of $350 has been paid in full. Payments should be clearly identified by the name and number assigned to this action. The Clerk of Court is directed to send a copy of this Order to the Administrator of the Craighead County Detention Facility, 901 Willett Road, Jonesboro, AR 72401.

## II. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). A claim is frivolous if "it lacks an arguable basis in law or fact." *Nietzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). In considering whether a complaint states a claim upon which relief may be granted, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Id*. The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

### III. Analysis

Flowers sued the Jonesboro Police Department, Jonesboro Police Officer Lester, the Craighead County Sheriff's Department, the Craighead County Detention Center, and the City of Jonesboro. Document #1 at 3. He alleges that on October 2, 2017, Lester unlawfully searched and arrested him. *Id*. at 3-4. He maintains that he was arrested based on false information, mistakes, poor police work, harassment, and racial profiling. *Id*., at 3. Flowers seeks damages and the dismissal of all charges pending against him. *Id*., at 4.

Flowers's claims against the Jonesboro Police Department, the Craighead County Sheriff's Department, and the Craighead County Detention Center must be dismissed because neither of those defendants is an entity subject to suit under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that West Memphis Police Department was not a juridical entity sueable as such; rather, it was simply a subdivision of the city government); *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2002) (affirming dismissal of Scott County Jail because county jails are not amenable to suit).

Flowers's claims against the City of Jonesboro also must be dismissed. "To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Because Crowley has not alleged that any policy practice, or custom was the moving force behind the alleged violation of his protected rights, he has failed to state a claim for relief against the City of Jonesboro. Further, as to any official-capacity claim against Lester, "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To the extent that Flowers sued Lester in

his official capacity, those claims likewise fail because Flowers has not alleged any municipal custom, policy, or practice. A municipality cannot be held liable under § 1983 simply because it employs a tortfeasor. *Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).

Flowers's claims against Lester in his personal capacity should be stayed. In *Younger v. Harris,* 401 U.S. 37, 43-45, 91 S. Ct. 746, 750-51, 27 L. Ed. 2d 669, 675-76 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

401 U.S. at 44, 91 S. Ct. at 750, 27 L. Ed.at 676.

The *Younger* abstention doctrine is appropriate where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue for reviewing his constitutional claims in state court. *Yamaha Motor Corp. v. Stroud,* 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney,* 21 F.3d 793, 797 (8th Cir. 1994). Here, Arkansas has an important interest in adjudicating the charges against Flowers and he may raise the issue of the alleged unlawful search and arrest in the ongoing state proceeding. *See Cook v. Hinrichs*, 500 F. Supp. 2d 1225, 1228 (D.S.D. 2007) (concluding that the petitioner could raise his federal constitutional claims in the pending state criminal proceeding). Flowers has not pled any extraordinary circumstances that would warrant intervention in the state proceedings. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 435, 102 S. Ct. 2515, 2523, 73 L.

Ed. 2d 116, 126 (1982). When a plaintiff seeks damages his case should be stayed under *Younger*, rather than dismissed. *Night Clubs, Inc. v. City of Fort Smith,* 163 F.3d 475, 481-82 (8th Cir. 1998). Accordingly, Flowers's complaint should be stayed and administratively terminated until the criminal charges against him have been fully resolved.

### IV. Conclusion

1. Flowers's claims against the City of Jonesboro, the Jonesboro Police Department, the Craighead County Sheriff's Department, and the Craighead County Detention Center are DISMISSED without prejudice.

2. Flowers's official-capacity claims against Lester are DISMISSED without prejudice.

3. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Flowers's criminal charges.

4. This case is subject to reopening upon Flowers's filing of a motion to reopen the case after such final disposition.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 27th day of November, 2017.

                                                          J. LEON HOLMES  
                                                          UNITED STATES DISTRICT JUDGE